## IN THE CIRCUIT COURT OF CHICKASAW COUNTY, MISSISSIPPI

KALESHIA MCINTOSH, *ex rel.*
S.A.O., a minor                                                          **PLAINTIFFS**

VS.                                                                CIVIL ACTION NO.: 1;2018-0071

SHAUNA R. ASHLEY;
CITY OF OKOLONA; and
JOHN DOES 1-10                                                  **DEFENDANTS**

### COMPLAINT

COME NOW the Plaintiffs, Kaleshia McIntosh *ex rel.* S.A.O, a minor, by and through counsel, and brings this their Complaint against Defendants, Shauna R. Ashley, City of Okolona and John Does 1-10. In support thereof, Plaintiffs would show unto this Honorable Court as follows, to-wit:

### PARTIES

1. Plaintiff, Kaleshia McIntosh ("McIntosh"), is an adult resident of Chickasaw County, Mississippi and is the natural parent of S.A.O, a minor.

2. Plaintiff, S.A.O., is a minor resident of Chickasaw County, Mississippi and is the natural child of McIntosh.

3. Defendant, Shauna R. Ashley ("Ashley"), is an adult resident of Chickasaw County, Mississippi and can be served at her residence, located at 634 Highway 41 North, Okolona, Mississippi 38860.

4. Defendant, City of Okolona ("Okolona"), is a municipal corporation inside of Chickasaw County, Mississippi and can be served through the Mayor or the City Clerk at 215 West Main St., Okolona, Mississippi 38860.

{L0156464.DOC}



FILED
JAN 2 6 2018
SANDRA L. PULLIAM
CIRCUIT CLERK, CHICKASAW COUNTY
BOOK ____ PAGE ____
by Patti Stallings D.C.

5. John Does 1 through 10 are the persons or entities, whether singular or plural, who or which caused or contributed to the Plaintiffs' damages as set forth herein. Plaintiffs aver that the identities of the John Doe Defendants are unknown to Plaintiffs at this time or, if their names are known to Plaintiffs, their identities as proper parties are not known to Plaintiffs at this time, and their true names will be substituted by amendment in accordance with the Mississippi Rules of Civil Procedure, when ascertained.

## JURISDICTION AND VENUE

6. Jurisdiction of this action is conferred on this Court by Section 156 of the Mississippi Constitution and Section 9-7-81 of the Mississippi Code.

7. Venue is proper in Chickasaw County, Mississippi pursuant to Miss. Code Ann. § 11-11-3, because Chickasaw County, Mississippi is where the collision occurred.

## FACTS

8. The incident giving rise to this civil action is a motor vehicle collision which occurred on April 9, 2017 on West Main Street in Okolona, Mississippi between S.A.O. and Ashley.

9. On or about April 9, 2017, S.A.O. was traveling East on West Main Street in a 2003 Oldsmobile Alero owned by her mother. At the same time, Ashley, an employee of the Okolona Fire Department, was negligently occupying the westbound lane of West Main Street in a 2004 International Pierce fire truck owned by Okolona with the nose of the fire truck facing East.

10. The collision occurred when Ashley crossed into S.A.O.'s lane of traffic while reversing the 2004 International Pierce fire truck without a spotter or the ability to appreciate

{L0156464.DOC}

2

other traffic on West Main Street, and therefore, Ashley negligently failed to see S.A.O. in the 2003 Oldsmobile Alero when the collision occurred.

11. S.A.O. was not engaged in criminal activity at the time of the collision.

12. Likewise, Ashley was not responding to any fire service emergency at the time of the collision.

13. Ashley knew, or should have known, that her conduct in reversing the fire truck without maintaining a proper lookout nor the ability appreciate other traffic created a significant risk and likelihood of serious injury and property damage to foreseeable motorists on West Main Street.

14. Ashley's decision to reverse the fire truck without maintaining a proper lookout on narrow West Main Street was reckless and deliberately indifferent to the safety of other motorists on West Main Street, including S.A.O.

15. At all times relevant hereto, Ashley was an employee of the Okolona with the Fire Department, and she was acting within the course and scope of her employment at the time of the collision.

16. Ashley was, at the time of the collision, negligently operating the 2004 International Pierce by failing to maintain a proper lookout, failing to keep a proper lane, driving carelessly, driving recklessly and by other acts of negligence and negligence *per se*, which may be discovered in the course of litigation.

17. As a result of the aforesaid acts of negligence and negligence per se by Ashley, S.A.O. suffered and sustained severe bodily injuries, damages, and losses to which Defendants are liable. For the same reasons, McIntosh also suffered and sustained property damage and losses to which Defendants are liable.

{L0156464.DOC}

3

18. Because Ashley's acts of negligence and negligence *per se* were the proximate cause, or proximate contributing cause, of the collision, she is liable to Plaintiffs for the injuries, damages and/or losses caused.

19. Additionally, and upon information and belief, Ashley had not completed the proper training, nor was she certified, to drive the 2004 International Pierce fire truck when the collision occurred.

20. Without the proper training and/or certification, Ashley was, nevertheless, permitted by Okolona to drive the 2004 International Pierce fire truck and was allowed to reverse it into the fire station without a spotter or the ability to appreciate other traffic on West Main Street.

21. Accordingly, Okolona is liable for its negligent entrustment of the 2004 International Pierce to Ashley and for its failure to train Ashley and its other employees in the safe operation of the 2004 International Pierce.

22. Because Okolona's acts of negligence were the proximate cause, or proximate contributing cause, of the collision, it is liable to Plaintiffs for the injuries, damages and/or losses caused.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE AGAINST ASHLEY

23. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

24. Defendant, Ashley, possessed a legal duty to exercise reasonable care for the safety of other motorists when operating a vehicle.

25. Ashley breached this duty and was grossly negligent in the operation of the 2004 International Pierce fire truck she was driving at the time of the collision. Specifically, Ashley failed to use due and reasonable care while operating the fire truck by failing to maintain a proper lookout and by other acts of negligence to be shown at the trial of this case.

26. As a proximate cause, and/or proximate contributing cause, of the individual negligence and/or wantonness of Ashley, S.A.O. was severely injured, and therefore, sustained damages and/or losses. For the same reasons, McIntosh also suffered and sustained property damages and losses.

27. Because Ashley's acts of negligence were the proximate cause of the collision, she is liable to Plaintiffs for the injuries suffered and the damages and losses caused.

## COUNT II – NEGLIGENCE *PER SE* AGAINST ASHLEY

28. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

29. Under Mississippi law, Ashley was required to drive the 2004 International Pierce "with due regard for the safety of all persons using the street." *See* Miss. Code Ann. § 63-3-517 (2017).

30. Ashley breached her legal duty when she:

a) failed to keep a proper lookout;

b) reversed the 2004 International Pierce across West Main Street without maintaining a proper lane;

c) failed to maintain proper control of the motor vehicle she was driving;

e) failed to be alert while operating a motor vehicle;

f) failed to use due regard for the safety of all persons using West Main Street;

{1.0156464.DOC}  5

g) drove carelessly;

h) drove recklessly;

i) drove an emergency motor vehicle in violation of Sections, 63-3-601, 63-3-1201 and/or 63-3-1213 of the Mississippi Code of 1972, Annotated, as amended, and/or other applicable statutes, ordinances and regulations; and

j) other acts of negligence which may be discovered in the course of this litigation.

31. The acts of negligence *per se* of Ashley were the proximate cause, or were a proximate contributing cause, of Plaintiffs' injuries, damages, and/or losses.

32. Said failure to comply with the laws and aforementioned code sections constitutes negligence *per se* because it resulted in the type of harm the statutes were designed to prevent, and Plaintiffs were within the class of persons the statutes were intended to protect.

33. As a result of the aforesaid acts of negligence and negligence *per se* by Ashley, S.A.O. was severely injured, and therefore, sustained damages and/or losses. For the same reasons, McIntosh also suffered and sustained property damages and losses.

34. Accordingly, Ashley is liable to Plaintiffs for the injuries, damages and losses caused.

### COUNT III – SECTION 1983 LIABILITY OF ASHLEY

35. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

36. Ashley's ill-advised action in reversing the fire truck without maintaining a proper lookout nor the ability appreciate other traffic caused serious bodily injury and property damage to Plaintiffs.

37. At all times relevant hereto, Ashley was a person acting under color of law within the meaning of 42 U.S.C. § 1983, and her nonfeasance and/or malfeasance constituted state

{L0156464.DOC}  6

action for such purposes.

38. Ashley's aforementioned acts or omissions of nonfeasance and/or malfeasance immediately before and at the time of the aforementioned collision constitute:

   a) Reckless disregard for the well-established federal and constitutional rights, privileges and/or immunities of S.A.O. under the Constitution of the United States and the Fourteenth Amendment thereto to be free from bodily harm and injury;

   b) Deliberate indifference to the well-established federal and constitutional rights, privileges and/or immunities secured of S.A.O. under the Constitution of the United States and the Fourteenth Amendment thereto to be free from bodily harm and injury; and/or

   c) Conduct which shocks the conscience in his disregard for and/or indifference to the well-established federal and constitutional rights, privileges and/or immunities of S.A.O. under the Constitution of the United States and the Fourteenth Amendment thereto to be free from bodily harm and injury.

39. The collision and Plaintiffs resulting injuries, damages and losses were directly and proximately caused by one or more of the acts of unconstitutional misconduct on the part of Ashley which violated Plaintiffs' rights, privileges and immunities under the United States Constitution and the Fourteenth Amendment to be free from bodily harm and injury.

## COUNT IV – NEGLIGENCE AGAINST OKOLONA

40. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

41. Okolona owed a duty of care to Plaintiffs and the general public to ensure that its employees were trained and instructed to use "due regard for the safety of all persons using the street" while operating vehicles, including the 2004 International Pierce fire truck.

42. Upon information and belief, Okolona breached this duty when it allowed Ashley to operate a fire truck, even though it knew or should have known that doing so would likely result in injury and damage to individuals encountering Ashley within Okolona.

{L0156464.DOC}  7

43. As a proximate result of Okolona's negligence, Plaintiffs have suffered damages through serious bodily injury and destruction of property.

44. In doing the things herein alleged, Okolona acted negligently, willfully, maliciously, intentionally, oppressively, and with reckless disregard of the possible results of its conduct.

45. Accordingly, Okolona is liable to Plaintiffs for the injuries and damages caused as result of its negligent failures alleged herein.

## COUNT V – NEGLIGENT ENTRUSTMENT AGAINST OKOLONA

46. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

47. Okolona held a non-delegable duty to entrust its 2004 International Pierce fire truck to only trained and certified drivers.

48. Okolona, breached its non-delegable duty when it negligently entrusted its fire truck to Ashley when it knew, or should have known, that Ashley was incompetent to operate the fire truck due lack of training and certification.

49. Likewise, Okolona knew, or should have known, Ashley would be likely to confront and be in contact with members of the public, like S.A.O., whilst Ashley drove the fire truck along Okolona's streets.

50. S.A.O. was a member of the public who would foreseeably encounter Ashley on Okolona's streets.

51. Okolona's negligence was the proximate cause, or a proximate contributing cause, of Plaintiffs' injuries and property loss. Therefore, Okolona is liable to Plaintiffs for their injuries, damages, and/or losses.

{L0156464.DOC}

8

## COUNT VI – SECTION 1983 LIABILITY AGAINST OKOLONA

52. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

53. Okolona had a duty to ensure that its employees, including Ashley, were adequately trained in the safe operation of fire trucks like the 2004 International Pierce.

54. Okolona breached its duty by failing to adequately train and supervise its employees in the operation of fire trucks on city streets.

55. Okolona had a duty to establish effective control procedures and protocols for the safe operation of fire trucks on city streets.

56. Okolona breached its duty by failing to adopt effective control procedures and protocols for the safe operation of fire trucks on city streets.

57. Okolona knew or should have known that the operation of fire trucks poses a unique and substantial risk to the public and that without proper training and adequate control procedures and protocols, the likelihood of injury to others was very high.

58. Okolona's failure to train its employees in the safe operation of fire trucks and its failure to establish effective control procedures and protocols, was wanton and reckless and was done with deliberate and callous indifference to the highly probable risk that harm would befall innocent civilians such as Plaintiffs.

59. Okolona's deliberate indifference to the rights and safety of the public was the direct and proximate cause Plaintiffs' injuries and provides the basis of Plaintiffs' suit under 42 U.S.C. § 1983.

## COUNT VII – ACTS OF NEGLIGENCE OF DEFENDANTS JOHN DOES 1-10

60. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and

statements of fact contained in the preceding paragraphs of this Complaint.

61. Plaintiffs allege that the wrongful conduct of the fictitious John Doe Defendants combined and concurred with the wrongful conduct of the named Defendants and as a proximate consequence thereof Plaintiffs were seriously injured through no fault of their own. All foregoing Counts and causes of action stated herein or contained in any subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this or any Amended Complaint as well as others that may be discovered during this litigation.

## DAMAGES

62. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

63. As a proximate consequence, or proximate contributing consequence, of the above described acts of the Defendants, Plaintiffs have suffered and sustained injuries, damages, and/or losses and damages, including, but not limited to, the following:

a) past, present and future medical expenses;

b) past, present and future pain and suffering, emotional distress and mental anguish;

c) loss of enjoyment of life;

d) loss of use of vehicle;

e) replacement cost of the 2003 Oldsmobile Alero;

f) attorney's fees and costs under 42 U.S.C. § 1983; and

g) other injuries, losses and damages which may be shown at the trial of this cause.

64. The actions and/or inactions of Defendants were grossly negligent, entitling Plaintiffs to punitive damages under Mississippi Code Section 11-1-65 (1972, as amended)

{L0156464.DOC}

and/or under the common law, in an amount sufficient to punish Defendants and to deter similar future conduct.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, Kaleshia McIntosh and S.A.O., demand judgment against the Defendants, Shauna Ashley, City of Okolona and John Does 1-10, in an amount reasonably calculated to fully compensate the Plaintiffs for their injuries, damages and losses, as well as all costs of bringing this action.

Respectfully Submitted,

**KALESHIA McINTOSH**
**S.A.O., a minor**

By: _____
CASEY L. LOTT, MBN 101766
THOMAS O. COOLEY, MBN 103991
Attorneys for Plaintiffs

LANGSTON & LOTT, PLLC
100 South Main Street
Post Office Box 382
Booneville, Mississippi 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: clott@langstonlott.com
       tcooley@langstonlott.com

FILED
JAN 26 2018

{L0156464.DOC}