IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KALESHIA MCINTOSH, *ex rel.*
S.A.O., a minor                                                                                             PLAINTIFF

V.                                                            CIVIL ACTION NO. 1:18-CV-00057-SA-DAS

SHAUNA R. ASHLEY and
CITY OF OKOLONA                                                                                    DEFENDANTS

ORDER

Kaleshia McIntosh initiated this suit on behalf of S.A.O., a minor, in the Circuit Court of Chickasaw County, Mississippi, on January 26, 2018, against Shauna Ashley and City of Okolona. The City of Okolona, a defendant, removed the case on March 29, 2018, pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441. *See* Notice of Removal [1]. Presently before the Court is McIntosh's Motion to Remand [9] asking the Court to remand the case back to the Circuit Court.

*Factual and Procedural Background*

On April 9, 2017, Shauna Ashley, an employee of the Okolona Fire Department, collided into the Plaintiff's car while driving a city-owned fire truck. This accident caused damage to the structure of the car as well as bodily injury to S.A.O., the minor. According to the Plaintiff, while driving East on West Main Street, Ashley proceeded to reverse the fire truck without visibility of oncoming traffic or pedestrians. At the time of the accident, Ashley was not responding to an emergency.

The Plaintiff claims that while driving the fire truck, Ashley had not completed the requisite training needed before operating a 2004 International Pierce fire truck. The Plaintiff filed a Complaint [4] alleging that Ashley's negligence is the proximate cause of her injuries. In addition,

the Plaintiff argues that Ashley is liable for negligence per se, a violation of 42 U.S.C. § 1983, and a violation of the Fourteenth Amendment of the United States Constitution. The Plaintiff also files a claim against the Okolona Fire Department for negligent entrustment, negligence per se, violation of 42 U.S.C. § 1983, and a violation of the Fourteenth Amendment of the United States Constitution. The Plaintiff now request remand and the Defendants oppose.

*Discussion*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). After removal of a case, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

According to Section 1331 of the United States Code, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C.A. § 1331. In her complaint, the Plaintiff alleges a violation of Section 1983 and the Fourteenth Amendment of the United States Constitution in addition to state law claims of negligence, negligent entrustment, and negligence per se.

The Plaintiff argues that because the Section 1983 claim is not "separate and independent", removal is not proper. Caselaw and precedent proves otherwise. Section 1983 creates a right of action for cases arising under the laws of the United States, for which this Court has original jurisdiction. *Pace v. Hunt*, 847 F.Supp. 508, 509 (S.D. Miss. March 23, 1994). In addition, both State and Federal courts share concurrent jurisdiction over Section 1983 actions. The Fifth Circuit in *Flores v. Edinburg Consol. Independent School Dist.*, made clear that "it is unquestioned that a § 1983 claim can be advanced in a state court suit, as state courts exercise concurrent jurisdiction with federal courts over such claims." 741 F.2d 773 (5th Cir. 1984) (*citing Kutzik v. Young*, 730 F.2d 149, 152 (4th Cir. 1984)).

As to removal, "unless there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 460 (5th Cir. 1982). Because Section 1983 is within the original concurrent jurisdiction of the Court, jurisdiction is proper.

In addition to the federal claims asserted, the Plaintiff sues the Defendant for three state law claims: negligence, negligent entrustment, and negligent per se. "Supplemental Jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and Treaties made . . . and the relationship between the claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966); *citing Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S. Ct. 549, 77 L. Ed 1062 (1933). As such,

the state and federal claims must derive from a common nucleus of operative fact. *Id.* The single set of facts alleged by the Plaintiff in her Complaint [4] gives rise to both the state law claims and the federal claims. Therefore, the Court may choose to exert its supplement jurisdiction over the state law claims asserted in the Complaint [4]. Although the Court may, in its discretion, refuse to exercise supplemental jurisdiction in the event the claims raise a novel or complex issue of state law, the Court finds it imperative to adjudicate this issue considering the federal claims cited by the Plaintiff's Complaint [4]. 28 U.S.C. § 1367(c)(1) and (2) (2018).

The Plaintiff argues that the Court should remand the case because removal is defeated by a procedural defect—the failure of co-defendant, Shauna Ashley, to join and consent to removal. Section 1446 prescribes that a defendant may remove a case thirty days after receipt of service and summons. 28 U.S.C. § 1441 (b)(2)(B). In addition, a co-defendant must join and consent to said removal within thirty days following receipt of service of process. *Id.* Here, the Notice of Removal [1] was filed on March 29, 2018. Shauna Ashley, the co-defendant, was served with process ten days later, on April 8, 2018. Ashley filed joinder and consent [12] to the Notice of Removal on April 30, 2018, well within the statutory period. Based on an objective and thorough reading of the record, there is no procedural timeliness defect which defeats removal.

*Conclusion*

The Court concludes that the removing party has successfully established federal question jurisdiction as the basis for removal. Therefore, the removing party has met their burden and the Plaintiff's Motion to Remand [9] is DENIED.

So ORDERED on this the 29th day of October, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE